UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
DANIEL RINCON,

                              Plaintiff,                      **COMPLAINT**

                         - against -

BUILDING SERVICE 32BJ HEALTH FUND
and BOARD OF TRUSTEES OF BUILDING
SERVICE 32BJ HEALTH FUND,                      08 Civ. 00393 (SAS)

                              Defendants.
-------------------------------------------------------------x

        Plaintiff DANIEL RINCON, by his attorneys, McCormick Dunne & Foley, as and for a complaint against the above-captioned defendants, alleges as follows:

## JURISDICTION AND VENUE

        1.     This action arises under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, and specifically 29 U.S.C. § 1132(a)(1)(B).

        2.     Jurisdiction is vested in this Court pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 1132(e)(1) and (f).

        3.     Venue is proper pursuant to 29 U.S.C. § 1132(e)(2), because the subject plan is administered in the Southern District of New York, because the subject breach took place in the Southern District of New York, and because the defendants reside or may be found in the Southern District of New York.

## THE PARTIES

        4.     Plaintiff DANIEL RINCON ("RINCON") is a natural person and a citizen of the State of Florida, residing at 15805 Bay Vista Drive, Clermont, Florida.

5. Upon information and belief, at all times hereinafter mentioned, defendant BUILDING SERVICE 32BJ HEALTH FUND (the "Plan") was and is an "employee welfare benefit plan" and a "welfare plan," as defined by 29 U.S.C. § 1002(1), and an "employee benefit plan" and "plan," as defined by 29 U.S.C. § 1002(3).

6. Upon information and belief, at all times hereinafter mentioned, defendant BOARD OF TRUSTEES OF BUILDING SERVICE 32BJ HEALTH FUND was and is the "administrator" of the Plan, as defined by 29 U.S.C. § 1002(16)(A).

## BACKGROUND

7. On a date prior to May 13, 1998, RINCON became enrolled in and covered under the Plan.

8. Among the benefits for which enrollees are eligible (or potentially eligible) under the Plan are long term disability benefits.

9. On or about May 13, 1998, RINCON became "totally disabled," as defined by the Plan.

10. RINCON duly applied to the Plan for long term disability benefits, and thereafter said application was granted.

11. RINCON received monthly long term disability benefits from the Plan until, by letter dated September 22, 2005, he was advised that his claim was being terminated.

12. By letter dated October 19, 2005, RINCON timely appealed the decision to terminate, and by letter dated May 26, 2006, said appeal was denied.

13. RINCON has exhausted his administrative remedies.

## **AS AND FOR A FIRST CAUSE OF ACTION**

14. RINCON repeats and reiterates paragraphs "8" through "13," as if fully set forth at length herein.

15. Both the decision to terminate RINCON's claim and the decision denying RINCON's appeal were erroneous and in violation of RINCON's rights under ERISA.

16. In particular, RINCON was not advised of the basis for the decision to terminate in sufficient detail to enable him to obtain a "full and fair review" thereof.

17. Additionally, in conjunction with the decision to terminate, as well as the decision to deny the appeal, RINCON's vocational characteristics were not taken into consideration.

18. Accordingly, defendants are liable to RINCON for the sum of all long term disability benefits wrongfully withheld from him to date, together with prejudgment interest at a rate to be established by the Court.

19. Alternatively, the subject adverse benefit determination should be vacated, and the claim remanded.

20. Additionally, RINCON is entitled to attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1).

**WHEREFORE** RINCON demands judgment:

(i) awarding him the sum of all long term disability benefits wrongfully withheld from him to date, together with prejudgment interest, or, alternatively, vacating the decision to terminate his claim and remanding said claim to defendants;

(ii) awarding him attorney's fees and costs pursuant to 29 U.S.C. § 1132(g)(1); and

(iii) for such other and further relief as to this Court may seem just and proper.

Dated:   New York, New York
         January 15, 2008

                                    Yours, etc.,

                                    MCCORMICK DUNNE & FOLEY

                                    By:   s/
                                          Christopher P. Foley (CF 6079)

                                    Attorneys for Plaintiff
                                    Office and P.O. Address
                                    61 Broadway, Suite 1030
                                    New York, New York  10006
                                    (212) 363-1300